IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-515-F

| | |
|---|---|
| STEVEN JOHN MULLENIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| ROBIN BARNES, THE OWNERS AND ) | |
| MANAGEMENT (HERMAN) OF RED ) | |
| AND WHITE GROCER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This cause comes before the court on defendants' motions to dismiss plaintiff's complaint (DE-1) pursuant to rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. This matter is before the undersigned for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1). The plaintiff, appearing *pro se*, has responded to both motions (DE-21) and defendants have replied (DE-22). Accordingly, the matter is ripe for disposition. For the following reasons, it is **HEREBY RECOMMENDED** that defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction (DE-15) and 12(b)(6) motion to dismiss for failure to state a claim (DE-17) be **GRANTED**.

1

## I. Background

Plaintiff is a resident of North Carolina and former employee of Red and White Grocer ("Red and White"). Red and White is a duly incorporated entity in the state of Virginia. Plaintiff filed a complaint in this court on November 30, 2009 alleging slanderous and malicious defamation of his character and work record. In his complaint, plaintiff alleges that on November 14, 2009 he resigned from his position as a meat cutter at Red and White "following an abusive altercation with the meat manager", Robin Barnes ("Barnes") (DE-1, pg. 1). Barnes allegedly "accused plaintiff of stalking female customers" (DE-1, pg. 1). According to plaintiff, Barnes made these statements in front of customers and other employees. Plaintiff alleges that on November 16, 2009 he reported Barnes's statements about him without any results to both Kyo Stollings ("Stollings"), the owner of Red and White, and Herman Wyatt ("Wyatt"), another manager. Plaintiff also alleges that Barnes made slanderous statements about him to a potential employer. Upon being properly served, defendants moved for an extension of time to file their answer. This court granted the motion for an extension of time and, thereafter, defendants filed pre-answer motions pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## II. Discussion

### A. Defendants' Rule 12(b)(2) Motion to Dismiss

When a court addresses the question of a 12(b)(2) motion to dismiss on the basis of the parties' written submissions only, without holding an evidentiary hearing, "the burden

2

on . . . plaintiff is . . . to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs, 886 F.2d at 676. When determining whether a plaintiff has done so, this court must resolve all questions of fact, and draw reasonable inferences, in the light most favorable to the plaintiff. Id. Any of the plaintiff's uncontroverted allegations must be taken as true. Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990). However, if defendants have countered these allegations with facts, then plaintiff must come forward with his own facts showing why personal jurisdiction exists. IMO Indus., Inc. v. SEIM s.r.l., 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). Personal jurisdiction may be either general or specific. "General jurisdiction exists where [defendants have] continuous and systematic contacts with the forum state that [they] may be haled into court in that forum on any claim." IMO Indus., at *2 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984)) (quotation omitted). "Specific jurisdiction is more narrow, existing where the suit against the defendant[s] arises out of [their] contacts with the forum state, or is related thereto." Id. Defendants argue that this court cannot exercise personal jurisdiction because (1) defendants have insufficient contacts with the state of North Carolina, and (2) this court lacks specific jurisdiction over defendants. To establish a prima facie case of personal jurisdiction over a non-resident defendant, plaintiff must show that the maintenance of the lawsuit is authorized by North Carolina's long arm statute and complies with the Due Process Clause. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). Given that the North Carolina long-arm statute extends to the limits permissible under the Due

3

Process Clause, see Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1065 (4th Cir. 1982), the undersigned's inquiry focuses on whether defendants have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Mitrano, 377 F.3d at 406 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). In resolving defendants' motion to dismiss for lack of personal jurisdiction, the court is not restricted to a review of plaintiff's pleadings. Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir. 1993). Rather, the court may also consider affidavits or other sworn statements submitted by defendants in support of their motion. In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997); See also Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) ("[i]n considering a challenge . . . the court must construe all relevant pleading allegations . . . ."). Upon a review of the pleadings and affidavits, the undersigned does not find continuous and systematic contacts with the state of North Carolina that would warrant general jurisdiction over defendants. As such, specific jurisdiction is at issue.[1] The Fourth Circuit has synthesized into a three-part test the requirements of the Due Process Clause where specific jurisdiction is at issue. The court is instructed to consider:

> (1) the extent to which . . . defendant[s] purposefully availed [themselves] of the privilege of conducting activities in the State; (2) whether . . . plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

---

[1] In his response (DE-21), plaintiff raises the issue of diversity jurisdiction as the basis for his claim. However, diversity jurisdiction is characteristic of the court's subject matter jurisdiction, and plaintiff appears to confuse this concept with personal jurisdiction.

4

New Wellington Financial Corp. v. Flagship Resort Develop. Corp., 416 F.3d 290, 295 (4th Cir. 2005) (citations and quotations omitted).

All three prongs must be satisfied for this court to exercise specific jurisdiction over defendants consistent with the Due Process Clause. IMO Indus., at *2 (citing Yates v. Motivation Indus. Equip. Ltd., 38 Fed. Appx. 174, 179 (4th Cir. 2002) (Wilkinson, C.J., dissenting). Where plaintiff cannot show defendants purposely availed themselves of the privilege of conducting activities in North Carolina or that his claims arise out of defendants' North Carolina-related activities, the court need not consider the third prong of the test for specific jurisdiction - that is, whether jurisdiction would be reasonable. Yates, 38 Fed. Appx. at 179. Defendants have demonstrated that they do not maintain offices or agents in North Carolina; solicit business in North Carolina; or engage in significant or long-term business activities within North Carolina. Nor have they purposely availed themselves "by some act . . . thus invoking the benefits and protections of [North Carolina's] laws" where defendants would "reasonably anticipate out-of-state-litigation." Diamond Healthcare of Ohio, Inc. V. Humility of Mary Health Partners, 229 F.3d 448, 454 (4th Cir. 2000) (citing Burger King v. Rudzewicz, 471 U.S. 462, 475). Moreover, plaintiff's defamation claim did not arise out of any activities conducted by or on behalf of defendants in North Carolina. The undersigned finds that plaintiff cannot show that defendants purposely availed themselves of the privilege of conducting activities in North Carolina or that his claims arise out of any North Carolina-related activities. Accordingly, the court need not consider the third prong of the test for specific jurisdiction - that is,

5

whether jurisdiction would be reasonable. Yates, *supra*. The undersigned finds that plaintiff has not established a prima facie case for personal jurisdiction over defendants.

Therefore, it is **HEREBY RECOMMENDED** that defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure be **GRANTED** with respect to plaintiff's claims.

### B. Defendants' Rule 12(b)(6) Motion to Dismiss

A 12(b)(6) motion to dismiss "focus[es] only on the legal sufficiency of the complaint." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "[W]hen ruling on [defendants'] motion to dismiss, [the court] must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A defamation complaint, like any other civil complaint in federal court, must [meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and be] sufficient to give . . . defendant[s] fair notice of what . . . plaintiff's claim is and the grounds upon which it rests . . . ." Hatfill v. New York Times, 416 F.3d 320, 329 (4th Cir. 2005) (quotation omitted).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in Twombly, . . . the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation . . . A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.

6

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citations and quotations omitted).

When considering a motion to dismiss, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct at 1950; See also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The complaint's factual allegations must produce an inference of liability strong enough to nudge plaintiff's claims "across the line from conceivable to plausible." Iqbal, 129 S.Ct at 1952. As noted, detailed factual allegations are not required to satisfy Rule 8. Iqbal, 129 S.Ct at 1949; see also Twombly, 550 U.S. at 555. It does, nonetheless, require facts pled sufficiently to allow the court, drawing on "judicial experience and common sense" to reasonably "infer more than the mere possibility of misconduct." Iqbal, 129 S.Ct at 1950. Without such weight, plaintiff cannot establish a valid entitlement to relief. Pro se litigants are entitled to some deference from courts. Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Bauer v. Commissioner, 97 F.3d 45, 49 (4th Cir. 1996) (courts are encouraged to liberally treat errors made by pro se litigants, especially when procedural rules are involved). "To

7

prevail on a claim of defamation, . . . plaintiff must allege and prove that . . . defendant[s] made false, defamatory statements of or concerning . . . plaintiff, which were published to a third person, causing injury to the plaintiff's reputation . . . ." Smith-Price v. Charter Behavioral Health Sys., 595 S.E.2d 778, 783 (N.C. Ct. App. 2004) (citations and quotations omitted). In this case, plaintiff argues that (1) Barnes (a) "accused plaintiff of stalking female customers" (DE-1, pg. 1); (b) slandered and impugned his character and work record to other employees, customers, and a potential employer (DE-1, pg. 1); and (2) Stollings and Wyatt (a) refused to address plaintiff's issue after it was reported; (b) brought credibility to Barnes's alleged slanders against plaintiff "by neither dismissing nor disciplining" her (DE-1, pg. 2). The undersigned notes that Barnes's alleged statements were communicated to third persons, namely customers, other employees, and a potential employer. Plaintiff, in his complaint, maintains that Barnes's accusation is a lie. "[I]n North Carolina, the term defamation applies to the two distinct torts of libel and slander . . . . Slander is defined as the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." Smith-Price, 595 S.E.2d at 783. Plaintiff fails to allege any claim or provide any case law showing that an accusation of stalking falls within these defined categories. Because plaintiff fails to state a claim to relief that is plausible on its face, the undersigned finds that plaintiff's claim cannot survive a motion to dismiss for failure to state a claim.

Therefore, it is **HEREBY RECOMMENDED** that defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be

8

**GRANTED** with respect to plaintiff's claims.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction and 12(b)(6) motion to dismiss for failure to state a claim be **GRANTED**.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, August 03, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE