UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-515-F

| | | |
|---|---|---|
| STEVEN JOHN MULLENIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBIN BARNES and THE OWNERS and | ) | |
| MANAGEMENT (HERMAN) OF RED AND | ) | |
| WHITE GROCER, LAWRENCEVILLE, VA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") [DE-24] filed by United States Magistrate Judge William A. Webb on August 3, 2010. Therein, Judge Webb recommends that both the Defendants' motion to dismiss for lack of personal jurisdiction [DE-15] and motion to dismiss for failure to state a claim [DE-17] be allowed. Despite being advised of their ability to do so, neither the Defendants nor the *pro se* Plaintiff have filed an objection to the M&R.

"The Federal Magistrates Act requires a district to 'make a do novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.' " *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)(quoting 28 U.S.C. § 636(b)(1))(alteration in original). Absent a timely objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation." *Id.* (quotation omitted).

In this case, the *pro se* Plaintiff, a resident of North Carolina, sues Robin Barnes, a

resident of Virginia, and "the Owners and Management (Herman) of Red and White Grocer, Lawrenceville, VA" (hereinafter "Red and White"), a duly incorporated entity in the state of Virginia, seeking damages of "a minimum" of "two million, five hundred thousand U.S. treasury dollars." Compl. [DE-1] at p. 2. Plaintiff alleges that while he was employed by Red and White, Barnes, the meat manager, accused him of "stalking female customers" prompting his resignation. He alleges Barnes repeated this accusation to other employees and customers, and to at least one potential employer. Plaintiff also alleges he reported Barnes's statements to the "owners and management" of Red and White, but they failed to take any action.

Judge Webb, upon a review of the record, found that the court could exercise neither general nor specific jurisdiction over the Defendants, and therefore recommended that Defendant's Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure should be allowed. The undersigned, after conducting his own review of the record, can find no clear error with this recommendation.

Judge Webb also recommended that the Defendants' Motion to Dismiss pursuant to Rule (12)(b)(6) for failure to state a claim also be allowed. The undersigned is of the opinion, however, that having concluded that the court cannot exercise personal jurisdiction over the Defendants, the Motion to Dismiss for failure to state a claim must be denied as moot.

Accordingly, after an independent review of the M&R and the record, the court concludes that the M&R is, in part, correct and in accordance with the law. Specifically, the court ADOPTS the portion of the M&R recommending that the Motion to Dismiss [DE-15] for lack of personal jurisdiction be allowed. The court declines to adopt the portion of the M&R recommending that the Motion to Dismiss [DE-17] for failure to state a claim be allowed.

For the foregoing reasons, the Motion to Dismiss [DE-15] is ALLOWED, and the Motion

to Dismiss [DE-17] is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.    This the 24th day of August, 2010.

                                                  James C. Fox
                                                Senior United States District Judge